| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>FOR THE SOUTHERN DISTRICT OF NEW YORK | |
| ANTHONY DRAYON & ROBERT LEWIS, individually and on behalf of all other persons similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>THE CITY OF NEW YORK,<br><br>Defendant. | Civil Action<br>Case No.: 18-cv-10138<br><br>**ACTION UNDER 29 U.S.C. § 203** *et seq.*<br><br>**COMPLAINT** |

Named Plaintiffs, ANTHONY DRAYTON and ROBERT LEWIS, on behalf all other persons similarly situated (collectively "Plaintiffs"), employees currently or formerly employed by The City of New York ("Defendant") by and through their attorneys, Virginia & Ambinder, LLP, allege as follows:

## NATURE OF ACTION

1. This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 207 and 216(b) to recover earned but unpaid overtime compensation owed to the Named Plaintiffs and members of the putative class for services performed while employed by Defendant, along with liquidated damages for delayed payments of overtime and other wages.

2. Plaintiffs allege that they are entitled to declaratory judgment, back wages for unpaid overtime compensation, and other relief from Defendant for all work performed, liquidated damages pursuant to 29 U.S.C. §§ 201 et. seq., and attorneys' fees and costs to remedy Defendant's willful violations of the FLSA.

3. Beginning in approximately October of 2015 and continuing to the present, Defendant engaged in a policy and practice of failing to pay Plaintiffs all overtime and other wages earned in

the pay period immediately following the overtime and other work performed and delaying those payments to later pay periods.

4. The Named Plaintiffs have initiated this action on behalf of themselves all persons similarly situated to recover the overtime compensation that they were deprived of, plus interest, damages, attorneys' fees, and costs.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over the claims in this action, pursuant to the provisions of 28 U.S.C. §§ 1331, 1337, and 1343.

6. This Court has subject matter jurisdiction over Plaintiffs' claims under the FLSA, pursuant to 29 U.S.C. § 216(b).

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391 as the Defendant's principal place of business is in this district.

8. The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

9. Named Plaintiff Anthony Drayton is a resident of the State of New York, and a member of the American Federation of State, County and Municipal Employees, District 37 NYC Motor Vehicle Operators Local 983. Plaintiff Drayton has been employed by Defendant the New York City Department of Parks and Recreation ("NYC DPR") since approximately July 2006, and currently works as a Supervisor Level I.

10. Named Plaintiff Robert Lewis is a resident of the State of New York, and a member of the American Federation of State, County and Municipal Employees, District 37 NYC Motor

Vehicle Operators Local 983. Plaintiff Lewis has been employed by Defendant the City of New York Department of Parks and Recreation since approximately March 2007.

11.   Each individual Plaintiff is an "employee" as contemplated by the FLSA, 29 U.S.C. § 203(e).

12.   Defendant, The City of New York, is a municipal corporation duly organized and existing under the Constitution and laws of the State and City of New York.

13.   Defendant, The City of New York, is a judicial entity amenable to suit under the FLSA as it is, and was at all relevant times, a public agency within the meaning of Section 3(x) of the FLSA, 29 U.S.C. §203(x).

14.   Pursuant to N.Y.C. Charter § 396, the City of New York is the proper Defendant in this action.

15.   At all relevant times, members of the putative collective worked in such NYC DPR classifications including, but not limited to Associate Parks Service Workers, City Park Workers, Protective Service Workers, Service Maintenance Workers, Skilled Craft Workers, Crew Chiefs, Climbers & Pruners, and Gardeners.  The City of New York was Plaintiffs' "employer[s]" as contemplated by the FLSA, 29 U.S.C. § 203(d).

## FLSA COLLECTIVE ACTION ALLEGATIONS

16.   This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

17.   This action is brought on behalf of Plaintiffs and a putative collective consisting of similarly situated employees who performed work or have worked for Defendant at any time since October of 2015 under NYC DPR classifications which include, but are not limited to Associate Parks Service Workers, City Park Workers, Protective Service Workers, Service Maintenance

3

Workers, Skilled Craft Workers, Crew Chiefs, Climbers & Pruners, and Gardeners, and other non-exempt employees within the meaning of the FLSA and who were not paid all overtime wages at the regular rate of pay, or who were paid overtime wages at times later than their regular wage payments (the "Putative Collective").

18. Plaintiffs and the Putative Collective were non-exempt employees eligible to be paid for every hour worked including overtime compensation for those hours worked over forty in a week.

19. Plaintiffs and potential plaintiffs who elect to opt-in as part of the collective action are all victims of the Defendant's common policy and/or plan to violate the FLSA by failing to provide overtime wages at the rate of one and one half times the regular rate of pay, for all time worked in excess of forty (40) hours in any given week pursuant to 29 U.S.C. § 207 and by failing to timely pay Plaintiffs for all work performed on their next scheduled payday.

20. As part of its regular business practice, Defendant intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and members of the putative collective. This policy and pattern or practice includes willfully failing to timely pay Plaintiffs for all work performed on their next scheduled payday.

21. Upon information and belief, Defendant uniformly applies the same employment policies, practices, and procedures to all members of the Putative Collective.

22. The putative collective is so numerous that joinder of all members is impracticable. Although the precise number of putative collective members is unknown, upon information and belief, the size of the Putative Collective is believed to be in excess of 500 individuals. In addition, the names of all potential members of the putative collective are not known.

23. The questions of law and fact common to the putative collective predominate over any

questions affecting only individual members. These questions of law and fact include, but are not limited to: whether Defendant failed to pay the Plaintiffs and members of the putative collective their earned overtime wages, at the rate of one and one half the times the regular rate of pay, for all hours worked in excess of forty (40) hours in any given week; and whether Defendant engaged in a policy and practice of delaying payment of overtime wages beyond the Plaintiffs' regular pay dates.

24. The claims of Plaintiffs are typical of the claims of the putative collective.

25. The Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class. The Plaintiffs have retained counsel experienced in complex wage and hour class action litigation.

26. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy. The members of the putative collective lack the financial resources to adequately prosecute separate lawsuits against Defendant. A collective action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendant's policies and practices.

## **FACTS**

27. Defendant has engaged in a pattern and practice of failing to ensure that Plaintiffs and others similarly situated received payment for all overtime hours worked in any given week, on the regularly scheduled payday after the work was performed.

28. For example, Named Plaintiffs often worked more than forty (40) hours in a given week.

29. At all times between October 2015 and the present, Defendant have engaged in a policy and practice of issuing paychecks which routinely delay portions of overtime payments for work

performed in a particular week to a later paycheck than payment for regular-time hours worked in that week.

30. Defendant's policy and practice towards Named Plaintiffs and others similarly situated is to pay Plaintiffs' overtime wages in paychecks issued weeks after the pay period concludes rather than immediately after the work was performed resulting in damages to the Named Plaintiffs and others similarly situated.

31. Upon information and belief, the correct amount of overtime compensation can be determined for each work period before the scheduled payday for that work period.

32. This policy and practice is reflected in the paystubs issued by Defendant to workers, which includes a section for both "AMT. [amount] EARNED THIS PERIOD" and "AMT. [amount] EARNED PRIOR PERIOD."

33. Throughout the relevant period, Defendant has undertaken a willful policy and practice of violating the FLSA by failing to timely pay Plaintiffs for work performed on their next scheduled payday.

## FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT

34. Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

35. Defendant have repeatedly engaged in a pattern and practice of failing to pay Plaintiffs all overtime wages and other wages owed during the regular pay period in which the work was performed.

36. Pursuant to 29 C.F.R. § 778.106, "overtime compensation earned in a particular workweek must be paid on the regular pay day for the period in which such workweek ends."

37. Defendant have violated the Fair Labor Standards Act by failing to pay overtime wages, and other wages to Plaintiffs on the next scheduled payday after the work was performed.

38. Defendant's violation was willful.

39. The failure of Defendant to pay Plaintiffs and members of the Putative Collective their rightfully owed wages and overtime compensation in a timely manner and at their regular rate of pay as required by the Fair Labor Standards Act and its implementing regulations was willful.

40. Plaintiffs are entitled to a declaratory judgment directing that Defendant's practice of delaying overtime payments is in violation of the FLSA.

41. By the foregoing reasons, Defendant re liable to Plaintiffs and members of the Putative Collective in an amount to be determined at trial, constituting liquidated damages in the amount equal to the amount of unpaid wages owed each pay period to each individual Plaintiff or opt-in Plaintiff, plus interest, attorneys' fees and costs.

**WHEREFORE**, the Plaintiffs demand judgment:

(1) on their First cause of action, in an amount to be determined at trial, constituting liquidated damages in the amount equal to the amount of unpaid wages earned but not timely paid each pay period to each individual Plaintiff or opt-in Plaintiff, plus interest, attorneys' fees and costs; and

(2) any other and further relief the Court may deem appropriate.

Dated: New York, New York
       November 1, 2018

                                 VIRGINIA & AMBINDER, LLP

                                 By: ___/s/Lloyd Ambinder, Esq._____
                                       Lloyd Ambinder, Esq.
                                       James Emmet Murphy, Esq.
                                       40 Broad Street, 7th Floor
                                       New York, New York 10004
                                       (212) 943-9080

                                 *Attorneys Plaintiffs and the Putative Collective*