UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTHONY DRAYTON, ROBERT LEWIS, and SANTOS SEDA, individually and on behalf of all other persons similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>THE CITY OF NEW YORK and the NEW YORK CITY DEPARTMENT OF EDUCATION,<br><br>Defendant. | CIVIL ACTION<br>CASE NO: 18-cv-10138 (ALC)<br><br>**ACTION UNDER**<br>**29 U.S.C. § 203** *et seq.*<br><br>**FIRST AMENDED COMPLAINT** |

Named Plaintiffs, ANTHONY DRAYTON, ROBERT LEWIS, and SANTOS SEDA, on behalf of themselves and all other persons similarly situated (collectively "Plaintiffs"), employees currently or formerly employed by The City of New York and the New York City Department of Education ("Defendants") by and through their attorneys, Virginia & Ambinder, LLP, allege as follows:

## NATURE OF ACTION

1. This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 207 and 216(b) to recover earned but unpaid overtime compensation owed to the Named Plaintiffs and members of the Putative Collective for services performed while employed by Defendants.

2. Beginning in approximately October of 2015 and continuing to the present, Defendants engaged in a policy and practice of failing to pay Plaintiffs and Putative Collective Members overtime at the proper rate for hours worked in excess of forty (40) hours per week.

1

3. The Named Plaintiffs have initiated this action on behalf of themselves all persons similarly situated to recover the overtime compensation that they were deprived of, plus interest, damages, attorneys' fees, and costs.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the claims in this action, pursuant to the provisions of 28 U.S.C. §§ 1331, 1337, and 1343.

5. This Court has subject matter jurisdiction over Plaintiffs' claims under the FLSA, pursuant to 29 U.S.C. § 216(b).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 as the Defendants' principal place of business is in this district.

7. The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

8. Defendants constitute "enterprise[s] engaged in commerce" with a gross volume of business done that is in excess of $500,000.00

## PARTIES

9. Named Plaintiff Anthony Drayton is a resident of the State of New York, and a member of the American Federation of State, County and Municipal Employees, District 37, Local 983. Plaintiff Drayton has been employed by Defendant the New York City (Department of Parks and Recreation) since approximately July 2006.

10. Named Plaintiff Robert Lewis is a resident of the State of New York, and a member of the American Federation of State, County and Municipal Employees, District 37, Local 983. Plaintiff Lewis has been employed by Defendant the City of New York (Department of Parks and Recreation and Department of Transportation) since approximately March 2007.

11. Named Plaintiff Santos Seda is a resident of the State of New York, and a member of the American Federation of State, County and Municipal Employees, District 37, Local 983. Plaintiff Seda has been employed by the Defendant the New York City Department of Education since approximately October 1989.

12.   Each individual Plaintiff is an "employee" as contemplated by the FLSA, 29 U.S.C. § 203(e).

13.   Defendant, The City of New York, is a municipal corporation duly organized and existing under the Constitution and laws of the State and City of New York.

14.   Defendant, The City of New York, is a judicial entity amenable to suit under the FLSA as it is, and was at all relevant times, a public agency within the meaning of Section 3(x) of the FLSA, 29 U.S.C. §203(x).

15.   Defendant, the New York City Department of Education, is a judicial entity amenable to suit under the FLSA as it is, and was at all relevant times, a public agency within the meaning of Section 3(x) of the FLSA, 29 U.S.C. §203(x).

16.   Defendant, The New York City Department of Education, is a municipal corporation duly organized and existing under the Constitution and laws of the State and City of New York, and is a judicial entity amenable to suit under the FLSA as it is, and was at all relevant times, a public agency within the meaning of Section 3(x) of the FLSA, 29 U.S.C. § 203(x).

17.   Pursuant to N.Y.C. Charter § 396, the City of New York and the New York City Department of Education are the proper Defendant in this action.

18.   Defendants were Plaintiffs' "employer[s]" as contemplated by the FLSA, 29 U.S.C. § 203(d).

## FLSA COLLECTIVE ACTION ALLEGATIONS

19. This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

20. The putative collective consists of the individuals who have opted-in to this action to date, as well as all similarly situated individuals who worked for Defendants who were classified by Defendants as non-exempt employees, who worked overtime and received any type of differential payment at any time since October of 2015 at Department of Parks and Recreation ("DPR"), and Department of Transportation ("DOT") (the "Putative Collective").

21. Plaintiffs and the Putative Collective were non-exempt employees eligible to be paid for every hour worked including overtime compensation for those hours worked over forty in a week.

22. Plaintiffs and potential plaintiffs who elect to opt-in as part of the collective action are all victims of the Defendants' common policy and/or plan to violate the FLSA by failing to provide overtime wages at the rate of one and one half times the regular rate of pay, for all time worked in excess of forty (40) hours in any given week pursuant to 29 U.S.C. § 207.

23. As part of its regular business practice, Defendants intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and members of the Putative Collective. This policy and pattern or practice includes willfully failing to pay Plaintiffs overtime at a rate of one and one half times the regular rate of pay.

24. Upon information and belief, Defendants uniformly apply the same employment policies, practices, and procedures to all members of the Putative Collective.

25. The Putative Collective is so numerous that joinder of all members is impracticable. Although the precise number of Putative Collective members is unknown, upon information and belief, the size of the Putative Collective is believed to be in excess of 900 individuals. In addition, the names of all potential members of the Putative Collective are not known.

26. The questions of law and fact common to the putative collective predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to: whether Defendant failed to pay the Plaintiffs and members of the putative collective their earned overtime wages, at the full rate of one and one half the times the regular rate of pay, for all hours worked in excess of forty (40) hours in any given week.

27. The claims of Plaintiffs are typical of the claims of the Putative Collective.

28. The Plaintiffs and their counsel will fairly and adequately protect the interests of the Putative Collective. The Plaintiffs have retained counsel experienced in complex wage and hour class action litigation.

29. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy. The members of the Putative Collective lack the financial resources to adequately prosecute separate lawsuits against Defendant. A collective action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendant's policies and practices.

**FACTS**

30. Pursuant to the FLSA, 29 U.S.C. 207, "no employer shall employ any of their employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives overtime compensation for their employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

31. Further, pursuant to 29 U.S.C. § 203(d), an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency,

but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization."

32. Plaintiffs and other members of the Putative Collective are "employees," within the meaning contemplated in the FLSA, 29 U.S.C. § 203(e).

33. Defendants are "employer[s]" within the meaning contemplated in the 29 U.S.C. § 203(d), and consequently are liable for violations of the FLSA.

34. Defendants have engaged in a pattern and practice of failing to ensure that Plaintiffs and others similarly situated received payment for all overtime hours worked in any given week, at time and one-half their regular rate of pay.

35. In addition to their base hourly pay rate, Plaintiffs also receive additional monies as part of their regular rate of pay, including but not limited to, pro-rata differentials, such as longevity pay after a certain amount of years in service, night-shift differentials, and other daily assignment differentials.

36. Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and its implementing regulations, *see e.g.* 29 C.F.R. § 778.208 *et seq.*, these additional differentials must be included as part of Plaintiffs' "regular rate" of pay for purposes of calculating their overtime rate of pay.

37. However, Plaintiffs' overtime rates do not take into consideration all of the additional monies that Plaintiffs receive as part of the regular rate of pay.

38. Accordingly, Plaintiffs' overtime rates are miscalculated, and Plaintiffs are not compensated at the rate of one and one half times their regular rate of pay after the first forty (40) hours worked in a week.

39. Named Plaintiff Drayton did not receive proper overtime payments at a rate of time and one half his regular rate of pay.

40. For example, for the check issued on June 17, 2016, Named Plaintiff Drayton received $1,806.19 for 80 hours of regular time, and $50.88 for 1.5 hours of overtime. This equates to a regular rate of pay of $22.58 per hour, and an overtime rate of approximately $33.92 per hour.

41. However, Plaintiff was also paid an additional $183.72 for "daily assignment differentials" that pay period. Pursuant to 29 C.F.R. § 778.208, these differentials "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

42. Accordingly, these $183.72 in differential payments, when divided by the 81.5 hours worked by Drayton during the pay period, constituted a payment of $2.25 per hour worked during the pay period, which would increase Drayton's regular rate of pay from $22.57 per hour to $24.82 per hour. Drayton's overtime rate of pay should have been 1.5 times this $24.82 per hour rate, or $37.23, instead of the $33.92 rate he actually received for one and a half hours of overtime. Accordingly, for the paycheck issued on June 17, 2016, Drayton is owed $4.97 per overtime hour.

43. As a further example, for the paycheck issued April 22, 2016, Drayton received $1806.19 for 80 hours of regular time, and $440.98 for 13 hours of overtime. This again reflects a regular rate of $22.58 per hour, and an overtime rate of $33.92 per hour.

44. However, Drayton also received "Daily Assignment Differentials" totaling $91.86 for that pay period, which should have been calculated into his regular rate. For the 93 hours Drayton worked that pay period, his "regular rate" of pay should have been $23.56 per hour, and his overtime rate should have been $35.34 per hour. For the 13 hours of overtime Drayton worked that week, he should have thus received $459.42, rather than the $440.98 he actually received. Accordingly, Drayton is owed $18.44 for work performed that pay period.

45. Named Plaintiff Lewis also did not receive overtime payments at a rate of time and one-half his regular rate of pay.

7

46. As an example, for check issued on June 17, 2016, Plaintiff Lewis received $1,806.19 for 80 hours of regular time, and $898.92 for 26.5 hours of overtime. This equates to a regular rate of pay of $22.58 per hour, and an overtime rate of $33.92 per hour.

47. However, Plaintiff Lewis was also paid an additional $68.60 in "Daily Assignment Differentials," along with $4.52 in "Hourly Night Shift Differentials," for a total of $73.12 for differentials that pay period. For the 106.5 hours worked by Lewis reflected on the paycheck issued June 17, 2016, his regular rate of pay, inclusive of differentials, should have been $23.27 per hour, and his overtime rate should have been $34.91 per hour. Accordingly, for the 26.5 hours of overtime reflected on that paycheck, Lewis should have received $925.12 in overtime payments, rather than the $898.92 he actually received, and he is accordingly owed $26.20 in underpayment of overtime for that pay period.

48. As a further example, for the paycheck issued March 23, 2018, Plaintiff Lewis received $1865.49 for 80 hours of regular time work, along with $235.54 for 6.5 hours of overtime. This equates to a regular time rate of pay of $23.32, and an overtime rate of pay of $36.24.

49. However, Plaintiff Lewis was also paid an additional $17.66 in "Daily Assignment Differentials," and $69.23 in "Rec Increment Payment – Awaiting Two Year Pension Qualification" for this period, for a total of $86.89 in additional payments. For the 86.5 hours worked by Lewis reflected on the paycheck issued March 23, 2018, his regular rate of pay, inclusive of differentials, should have been $24.32, and his overtime rate should have been $36.48. Accordingly, for the 6.5 hours of overtime reflected on that paycheck, Lewis should have received $237.12, and he is owed $1.58 for that pay period.

50. Named Plaintiff Seda did not receive proper overtime payments at a rate of time and one half his regular rate of pay.

51. For example, for the check issued on December 2, 2016, Named Plaintiff Seda received $1790.85 for 80 hours of regular time, and $753.11 for 22.25 hours of overtime. This equates to a regular rate of pay of $22.38 per hour, and an overtime rate of approximately $33.57 per hour.

52. However, Plaintiff was also paid an additional $42.21 for "hourly assignment differential" and "an additional $176.76 for a "shift assignment differential" that pay period. Pursuant to 29 C.F.R. § 778.208, these differentials "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

53. Accordingly, these $218.97 in differential payments, when divided by the 102.25 hours worked by Seda during the pay period, constituted a payment of $2.14 per hour worked during the pay period, which would increase Seda's regular rate of pay from $22.38 per hour to $24.52 per hour. Seda's overtime rate of pay should have been 1.5 times this $24.52 per hour rate, or $36.78, instead of the $33.57 rate he actually received for one and a half hours of overtime. Accordingly, for the paycheck issued on December 2, 2016, Seda is owed an additional $3.21 per overtime hour, or $71.42.

54. Throughout the relevant period, Defendants have undertaken a willful policy and practice of violating the FLSA by failing to pay Plaintiffs overtime at time and one-half their regular rate of pay for all hours worked over 40 in a week.

55. Throughout the relevant period, Defendants have undertaken a willful policy and practice of violating the FLSA by failing to pay Plaintiffs overtime at time and one-half their regular rate of pay for all hours worked over 40 in a week.

**FIRST CAUSE OF ACTION**
**FAIR LABOR STANDARDS ACT: INCORRECT OVERTIME RATE**

56. Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

57. Defendants have repeatedly engaged in a pattern and practice of failing to pay Plaintiffs and other members of the Putative Collective all earned overtime wages at the rate of one and one half time the regular rate of pay.

58. Pursuant to 29 C.F.R. § 778.209, "[w]here a bonus payment is considered a part of the regular rate at which an employee is employed, it must be included in computing his regular hourly rate of pay and overtime compensation."

59. Differentials such as pro-rata differentials, longevity pay after a certain amount of years in service, night-shift differentials, daily assignment differentials, and other additional cash payments constitute bonus payments within the regular rate of pay, as defined in the FLSA, implementing regulations, and the cases interpreting the same.

60. Defendants have violated the Fair Labor Standards Act by failing to pay all earned overtime wages, at the rate of one and one-half times their regular rate of pay, in weeks in which they worked over forty (40) hours.

61. The failure of Defendants to pay Plaintiffs and members of the Putative Collective their rightfully owed overtime compensation was willful.

62. By the foregoing reasons, Defendants are liable to Plaintiffs and members of the Putative Collective in an amount to be determined at trial, constituting liquidated damages in the amount equal to the amount of unpaid wages owed each pay period to each individual Plaintiff or opt-in Plaintiff, plus interest, attorneys' fees and costs.

**WHEREFORE**, the Plaintiffs demand judgment:

(1) on their First cause of action, in an amount to be determined at trial, constituting the amount equal to the amount of earned but underpaid overtime wages each pay period to each individual Plaintiff or opt-in Plaintiff, plus interest, liquidated damages, attorneys' fees, and costs;

and

    (2)    any other and further relief the Court may deem appropriate.

Dated: New York, New York
November 4, 2019

                               VIRGINIA & AMBINDER, LLP

                               By:    /s/Lloyd Ambinder, Esq.
                                    Lloyd Ambinder, Esq.
                                    James Emmet Murphy, Esq.
                                    Michele Moreno, Esq.
                                    40 Broad Street, 7th Floor
                                    New York, New York 10004
                                    (212) 943-9080

                             *Attorneys Plaintiffs and the Putative Collective*