UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **ANTHONY DRAYTON, ROBERT LEWIS** and **SANTOS SEDA,** *individually and on behalf of all other person similarly situated,*<br><br>                         **Plaintiffs,**<br>                    -against-<br><br>**THE CITY OF NEW YORK** and **THE NEW YORK CITY DEPARTMENT OF EDUCATION,**<br><br>                         **Defendants.** | **1:18-cv-10138 (ALC)**<br><br>**OPINION AND ORDER** |

**ANDREW L. CARTER, JR., United States District Judge:**

## INTRODUCTION

Plaintiffs Anthony Drayton, Robert Lewis and Santos Seda ("Named Plaintiffs") bring this suit individually, and on behalf of all others similarly situated, against Defendants the City of New York and the New York City Department of Education ("Defendants") pursuant to the Fair Labor Standard Act ("FLSA"). Specifically, Plaintiffs allege the Defendants engaged in a pattern and practice of failing to pay them and putative class members all of their earned overtime wages. After careful consideration, Defendants' motion to dismiss and its motion for a more definite statement are **DENIED**.

## BACKGROUND

Unless otherwise indicated, the following facts are drawn from Plaintiff's Complaint and are assumed as true for the purposes of this motion to dismiss. Named Plaintiffs are members of the American Federation of State, County and Municipal Employees, District 37 and Local 983. First Am. Compl., ¶ 9–11 [hereinafter "FAC"]. Mr. Drayton is employed by the Defendant City of New York within the Department of Parks and Recreation; Mr. Lewis is employed by the Defendant City of New York within the Department of Parks and Recreation and Department of

Transportation; Mr. Seda is employed by the New York City Department of Education. *Id.* Named Plaintiffs bring this action individually and on behalf of a putative class "consist[ing] of the individuals who have opted-in to this action to date, as well as all similarly situated individuals who worked for Defendants who were classified by Defendants as non-exempt employees, who worked overtime and received any type of differential payment at any time since October of 2015 at Department of Parks and Recreation ('DPR'), and Department of Transportation ('DOT') (the 'Putative Collective')." *Id.* ¶ 20.

Named Plaintiffs and members of the putative class receive an hourly pay and additional monies as a part of their regular rate of pay, including pro-rata differentials and night-shift differentials. *Id.* ¶ 35. However, the Defendants do not incorporate such differentials in calculating their regular rate of pay. *Id.* ¶ 37. As a result, such differentials are not included in calculation of overtime rates. *Id.* ¶ 38–53.

## DISCUSSION

### I.  Motion to Dismiss

When considering a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6), a court should "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks and citations omitted). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985) (citation omitted). The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). Moreover, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Id*. at 663 (citation omitted).

In 1938, Congress passed the FLSA to ensure fair labor standards that would protect the general well-being of workers. 29 U.S.C. § 201. Concerning overtime work, the FLSA provides "no employer shall employ any of his employees. . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate which he is employed." 29 U.S.C. § 207(a)(1). To plausibly allege an overtime violation, "a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Lundy v. Catholic Health System of Long Is., Inc.*, 711 F.3d 106, 114 (2d Cir. 2013) (citation omitted). Additionally, where, as here, "a plaintiff brings an FLSA claim 'for and [o]n behalf of himself . . . and other employees similarly situated,' the complaint should indicate who those other employees are, and allege facts that would entitle them to relief." *Zhong v. Aug. Aug. Corp.*, 498 F. Supp. 2d 625, 628 (S.D.N.Y. 2007) (quoting FLSA § 216(b)).

Here, Defendants argue Named Plaintiffs' First Amended Complaint should be dismissed because it fails to sufficiently allege sufficient factual allegations concerning the putative members. In particular, Defendants argue Named Plaintiffs were required to provide additional details concerning the positions, jobs or duties of the individuals Named Plaintiffs seek to represent through their putative class. The Court disagrees.

As articulated by *Zhong*, one of the cases cited by the Defendants in their opening brief, "courts have held that plaintiffs must, at least, provide 'a *modest* factual showing sufficient to demonstrate that they and potential plaintiffs . . . were victims of a common policy or plan that violated the law." *Id.* at 630 (quoting *Realite v. Ark Restaurants Corp.,* 7 F.Supp.2d 303, 306 (S.D.N.Y.1998)) (emphasis added). In *Zhong*, another court in this district determined the plaintiff had not made such a modest showing because he did not make a reference "to a policy to which other employees are subject" and similarly did not "generally nor specifically name[] or reference[] any other plaintiffs." *Id.* at 631. By contrast, here, Plaintiffs provide some factual allegations about putative class members, namely that they are non-exempt employees who received a differential payment at some point since October of 2015. *See* FAC ¶ 20. Plaintiffs further refer to the Defendants' policy of miscalculating overtime rates by not taking into account differential payments received as part of the regular pay. *See id.* ¶ 35–38. Therefore *Zhong* is distinguishable from this case. Additionally, Defendants do not identify any controlling precedent to support their proposition that Named Plaintiffs must allege sufficient detail concerning the class members' positions, job titles or responsibilities.[1] Accordingly, Defendants' motion to dismiss Named Plaintiffs' complaint is **DENIED**.

---

[1] To the extent Defendants wish to challenge Named Plaintiffs' putative class defintions, such challenges can be raised at the class certification stage. *See Cohen v. Gerson Lehrman Grp., Inc.*, 686 F. Supp. 2d 317, 324 (S.D.N.Y. 2010) (quoting *Indergit v. Rite Aid Corp.,* 2009 WL 1269250, at *4 (S.D.N.Y. May 4, 2009)) ("In short, once a

## II.        Motion for a More Definite Statement

Federal Rule of Civil Procedure 12(e) permits a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). This Rule only applies where a pleading is "sufficiently intelligible for the district court to make out one or more potentially viable legal theories . . . sufficient to survive a Rule 12(b)(6) motion . . . [but] the pleading [is] also . . . so vague or ambiguous that the opposing party cannot respond to it . . . with a pleading that can be interposed in good faith or without prejudice to himself." *Pelman ex rel. Pelman v. McDonald's Corp.*, 396 F. Supp. 2d 439, 443 (S.D.N.Y. 2005) (quoting 5C Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1376 at 311 (3d ed. 2004)). Rule 12(e) "is designed to remedy unintelligible pleadings, not to correct for lack of detail." *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 233 F.R.D. 133, 134 (S.D.N.Y. 2005) (citation omitted). Accordingly, since Defendants primarily seek additional details concerning the members of the class and not clarification of Plaintiffs' pleading, Defendants' motion for a more definite statement is **DENIED**.

## CONCLUSION

For the forgoing reasons, Defendants' motion to dismiss and, in the alternative, a motion for a more definite statement is **DENIED**.

**SO ORDERED.**

Dated:          **May 12, 2020**
                    **New York, New York**

_____

**ANDREW L. CARTER, JR.**
**United States District Judge**

---

named plaintiff establishes individual standing, the issue of whether a named plaintiff can assert claims on behalf of absent class members is determined at the class certification stage of the litigation.").