UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTHONY DRAYTON, ROBERT LEWIS, and SANTOS SEDA, individually and on behalf of all other persons similarly situated,<br><br>        *Plaintiffs*,<br> -against-<br><br>THE CITY OF NEW YORK and THE NEW YORK CITY DEPARTMENT OF EDUCATION,<br><br>        *Defendants*. | 1:18-CV-10138 (ALC)<br><br><u>OPINION & ORDER</u> |

**ANDREW L. CARTER, JR., United States District Judge:**

  Named Plaintiffs Anthony Drayton, Robert Lewis, and Santos Seda, bring this action as a collective action pursuant to the Fair Labor Standards Act (29 U.S.C. §§ 207 and 216(b), "FLSA") against the City of New York and the New York City Department of Education (collectively, the "Defendants"), alleging failure to pay Plaintiffs overtime wages in violation of the FLSA. Defendants now move for summary judgment. ECF No. 184. After careful review, Defendants' Motion, ECF No. 184, is partially **GRANTED** as to Plaintiffs John Zajda and Manjit Singh, and they are dismissed from the case. Defendants' Motion for Summary Judgment is otherwise **DENIED**.

BACKGROUND

  **I.**  <u>**Statement of Facts**</u>

  The Court assumes the parties' familiarity with the facts as alleged in the original complaint. *See* ECF No. 1. Plaintiffs bring this collective action on behalf of over 2,000 non-exempt employees, who worked overtime and received any type of differential payment at any time since October of 2015 at Department of Parks and Recreation ("DPR"), and Department of

1

Transportation ("DOT") (the "Putative Collective"). First Amended Complaint ("FAC"), ECF No. 84 at 4. As relevant here, the Amended Complaint contains allegations that the City of New York and the New York City Department of Education (collectively, the "Defendants") violated the FLSA (29 U.S.C. §§ 207 and 216(b)) when, beginning on or around October of 2015 and continuing to the present, Defendants failed to pay Plaintiffs overtime wages, at the rate of one and one-half times their regular rate of pay. *Id.*

Sometimes workers are paid a higher hourly wage based on when they work, like working the night shift, where they work, or other factors. These different hourly rates are called differentials. Differentials do not include overtime pay, but they are used to determine the regular rate of pay. Pursuant to the FLSA, 29 U.S.C. § 201 et seq., employers must include these additional differentials as part of Plaintiffs' "regular rate" of pay for the purpose of calculating Plaintiffs' overtime rate of pay. Plaintiffs allege their overtime rates are miscalculated, because not all of their additional differentials were utilized to calculate their overtime rate of pay ("regular rate" claim). *Id.* at 6.

## II.  **Procedural History**

Plaintiffs filed their initial complaint on November 1, 2018 against Defendant the City of New York. ECF No. 1. Plaintiffs then filed their Amended Complaint on November 4, 2019, adding the New York City Department of Education as a Defendant. FAC. Plaintiffs allege Defendants "intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and members of the Putative Collective" by not accounting for additional differentials and miscalculating their overtime rates pay. *Id.* at 4. Before the Court is Defendants' motion for summary judgment. ECF No. 184. The Court considers this motion fully briefed. Defendants move for summary judgment as to liability for

Plaintiffs' regular rate claim. Defendants argue that in the event the Court declines to grant its summary judgment motion as to liability, the Court should (1) reject Plaintiffs' claim for liquidated damages, and (2) should limit the period of recovery from three years to two years, because there is no evidence that Defendants acted in bad faith or that any violations of the FLSA were willful. For the reasons stated herein, Defendants' motion for summary judgment is hereby partially **GRANTED** as to Plaintiffs John Zajda and Manjit Singh, and they are dismissed from the case. Defendants' Motion for Summary Judgment is otherwise **DENIED**.

## STANDARD OF REVIEW

### I. Summary Judgment

Per Fed. R. Civ. P. 56, summary judgment is proper where admissible evidence in the form of affidavits, deposition transcripts, or other documentation demonstrates the absence of a genuine issue of material fact and one party's entitlement to judgment as a matter of law. *See Viola v. Philips Med. Sys. of N. Am.*, 42 F.3d 712, 716 (2d Cir. 1994). There is no issue of material fact where the facts are irrelevant to the disposition of the matter. *Chartis Seguros Mexico, S.A. de C.V. v. HLI Rail & Rigging, LLC*, 967 F. Supp. 2d 756, 761 (S.D.N.Y. 2013); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (holding that a fact is material if it would "affect the outcome of the suit under governing law"). An issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248.

In deciding a summary judgment motion, courts must construe the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor. *Niagara Mohawk Power Corp. v. Jones Chemical Inc.*, 315 F.3d 171, 175 (2d Cir. 2003). Courts may not assess credibility, nor may they decide between conflicting versions of events because those

matters are reserved for the jury. *Jeffreys v. City of New York*, 426 F.3d 549, 553-54 (2d Cir. 2005). However, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could *reasonably* find for the plaintiff." *Id.* (quoting *Anderson*, 477 U.S. at 252).s

At summary judgment, the moving party has the burden "to demonstrate that no genuine issue respecting any material fact exists." *Gallo v. Prudential Residential Servs., Ltd. P'Ship*, 22 F.3d 1219, 1223 (2d Cir. 1994). "[I]n cases where the nonmovant will bear the ultimate burden of proof at trial on an issue, the moving party's burden under Rule 56 will be satisfied if he can point to an absence of evidence to support an essential element of the nonmoving party's claim." *Brady v. Town of Colchester*, 863 F.2d 205, 210-11 (2d Cir. 1988) (citations omitted). "Where the moving party demonstrates the absence of a genuine issue of material fact, the opposing party must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011) (citations omitted). "More specifically, it must do more than simply show that there is some metaphysical doubt as to the material facts and may not rely on conclusory allegations or unsubstantiated speculation." *Id.* (internal citations and quotation marks omitted).

## DISCUSSION

**I.   Defendants' Motion for Summary Judgment Directed to Plaintiffs' Claims of Regular Rate Claim Is Denied.**

Under the FLSA, an employee's regular rate of pay "shall be deemed to include all remuneration for employment paid to, or on behalf of, the employee...." 29 U.S.C.A. § 207(e). "The regular rate of pay is determined by 'dividing the employee's weekly compensation by the number of hours for which that compensation is intended.'" *Nepomuceno v. Amsterdam Deli & Convenience Corp.*, No. 19-CV-3150 (MKV), 2022 WL 4448552, at *6 (S.D.N.Y. Sept. 23,

4

2022) (internal citations omitted). The FLSA "requires the inclusion in the regular rate of such extra premiums as nightshift differentials (whether they take the form of a percent of the base rate or an addition of so many cents per hour)...." 29 C.F.R. § 778.207(b); *see also Johnson v. D.M. Rothman Co.*, 861 F. Supp. 2d 326 (S.D.N.Y. 2012) ("An employee's regular rate of pay includes shift differentials."). Plaintiffs allege Defendants improperly calculated Plaintiffs' regular rate of pay on the basis that not all of Plaintiffs' additional differentials were utilized to calculate their overtime rate of pay. FAC at 6. Defendants counter that the timekeeping technology the City utilizes called CityTime "automatically includes differentials such as the night-shift differential in employees' regular rate of pay for the purposes of calculating overtime compensation." *See* Andrea O'Connor Decl, Dkt. No. 188, ¶ 19. Defendants provide no further facts in support of this claim.

Plaintiffs rely on the declaration of their expert Peter Fascia, CPA, Esq. in support of their Regular Rate claim. ECF No. 194-3 ("Fascia Rep."). Mr. Fascia reviewed daily punch records and daily payment information to opine whether Defendants properly included differentials in the calculation of Plaintiffs' FLSA regular rate of pay. *Id.* at 6. Defendants rely on the declaration of their expert Christopher Erath, Ph.D. in support of their motion for summary judgment on Plaintiffs' Regular Rate claim. ECF No. 187 ("Erath Decl."). Dr. Erath reviewed CityTime data and data maintained in the City's Financial Information Services Agency ("FISA") for the seven opt-in Plaintiffs Mr. Fascia identified during the weeks identified. Erath Decl. ¶¶ 5-8. The parties agree that a worker's regular rate of pay includes their hourly base rate for 40 hours of work per week, plus an hourly calculation of differential payments received in each work week, including daily assignment differentials and night shift differentials. Fascia Rep. at 5; *see e.g.* Erath Decl. ¶10. To calculate the regular rate of pay, Mr.

5

Fascia first added the differentials for a given work week and divided them by the total of hours worked that week (including overtime hours) and added that sum to the base rate of pay. *Id.* Fascia Rep. at 5-6. Mr. Fascia then calculated Plaintiffs' overtime payments on this regular rate of pay. *Id.* Dr. Erath conducted a similar analysis to calculate Plaintiffs' overtime payments on the regular rate of pay. Erath Decl. ¶¶ 5-8. This analysis conforms to the calculations established by other courts. *Wisnewski v. Champion Healthcare Corp.,* 2000 U.S.Dist.LEXIS 12734*, 2000 WL 1474414, Civil No. A3-96-72 (D.N.D. Jan. 11, 2000) (Webb, D.J.), *aff'd in relevant part sub nom.*, which has been utilized by the Eighth Circuit. *Reimer v. Champion Healthcare Corp.*, 258 F.3d 720 (8th Cir. 2001). *See also* Gorman v. Consol. Edison Corp., 488 F.3d 586, 596 (2d Cir. 2007) (determining overtime worked by first calculating nighttime differentials per week, and then dividing that number by the total number of hours worked in the week).

Plaintiffs' expert Mr. Fascia opines that, of the seven opt-in Plaintiffs he analyzed, five Plaintiffs (Darryl Scott, Raymond McDowell, Earnest Littles, Anthony Vitale and Manjit Singh) were owed overtime. Fascia Rep. at 16-20. Defendants' expert Dr. Erath examined the seven opt-in Plaintiffs Mr. Fascia identified for the weeks identified, and opines that for five opt-in Plaintiffs (Scott, McDowell, Littles, Vitale, and August Lynfatt), the City included differentials when it calculated their regular rate of pay. Erath Decl. ¶¶ 8-27, 28(B). Critically, the experts dispute the number of differential hours and overtime hours certain Plaintiffs worked in the week analyzed, and as a result, differ in their calculation of Plaintiffs' regular rate of pay. For example, Mr. Fascia alleges Plaintiff Scott worked 14.88 hours of overtime, while Dr. Erath alleges the true number is 12.5 hours. Erath Decl. ¶¶ 9-11; Fascia Rep. at 8-9. The experts are also in disagreement about the amount of overtime Plaintiffs McDowell and Lynfatt worked on the specified weeks. Erath Decl. ¶¶ 12-15, 24-27; Fascia Rep. at 9-11, 17-19. In fact, Defendants

6

allege Plaintiffs Scott, McDowell, and Lynfatt were compensated more than they were owed, but do not provide an explanation as to why these inconsistencies exist. *Id.* at ¶¶ 10, 15.

Further, Defendants contend Plaintiffs must present evidence from each Plaintiff in a collective action to demonstrate Defendants' overtime calculations failed to incorporate differentials. *Murray v. City of New York*, 16-CV-8072 (PKC), 2020 U.S.Dist.LEXIS 22783, at *44 (S.D.N.Y. Feb. 10, 2020). But, the Court may "rely on evidence from representative employees to meet the initial burden of proof requirement." *Reich v. Southern New England Telecommunications Corp.*, 892 F. Supp. 389, 402 (D. Conn. 1995), *aff'd* 121 F.3d F.3d 58 (2d Cir. 1997). In this case, Plaintiffs' own expert sets forth no evidence that two opt-in Plaintiffs John Zajda and Singh had damages in the specific week analyzed. ECF No. 186, Defs' 56.1 Stmt. ¶ 26. As such, the Court GRANTS summary judgment to Defendants as to Plaintiffs Zajda and Singh and dismisses them from the case.

Regarding the remaining plaintiffs, a triable issue of fact exists as to whether overtime pay failed to reflect proper differentials, and Defendants' summary judgment motion on the issue will therefore be denied.

> **II.** **Defendants' Motion for Summary Judgment Directed to Liquidated Damages and Willfulness Is Denied.**

Plaintiffs seek liquidated damages, and a finding of willfulness for their regular rate claim. If a defendant is deemed to have committed willful violations of the FLSA, a plaintiff is entitled to a three-year statute of limitations, rather than the standard two-year statute of limitations. 29 U.S.C. § 255(a). In accordance with the FLSA, plaintiffs are entitled to liquidated damages equal in amount to actual damages. *Barfield v. N.Y. City Health & Hosps. Corp.*, 537 F.3d 132, 150 (2d Cir. 2008). However, district courts have the discretion to deny liquidated damages where "the employer shows that, despite its failure to pay appropriate wages, it acted in

subjective 'good faith' with objectively 'reasonable grounds' for believing that its acts or omissions did not violate the FLSA." *Id*. (quoting 29 U.S.C. § 260). "The employer bears the burden of proving good faith and reasonableness, but the burden is a difficult one, with double damages being the norm and single damages the exception." *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 142 (2d Cir. 1999). "To establish 'good faith,' a defendant must produce plain and substantial evidence of at least an honest intention to ascertain what the Act requires and to comply with it." *Reich*, 121 F.3d at 71 (internal quotation marks and citation omitted). An employer may demonstrate "good faith" by showing that it took "active steps to ascertain the dictates of the FLSA and then act[ed] to comply with them." *Barfield*, 537 F.3d at 150.

"[T]o prove a willful violation of the FLSA within the meaning of § 255(a), it must be established that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *Parada v. Banco Indus. De Venez.*, 753 F.3d 62, 71 (2d Cir. 2014) (quoting *Reich v. Waldbaum, Inc.*, 52 F.3d 35, 39 (2d Cir. 1995)). "[M]ere negligence on the part of an employer is not enough to establish willfulness." *Adams v. City of New York*, No. 16-CV-3445 (RA), 2021 WL 1791182, at *11 (S.D.N.Y. May 5, 2021).

Defendants argue liquidated damages are not recoverable because Defendants acted in good faith. Defendants have put forth evidence that they sought to comply with the FLSA through seeking advice of counsel and engaging in trainings. ECF No. 184 at 11. Here, the Court does not see a reason to "depart from the general reluctance of courts to resolve the question of willfulness on a motion for summary judgment." *Inclan v. New York Hosp. Grp., Inc.*, 95 F. Supp. 3d 490, 503 (S.D.N.Y. 2015). The summary judgment motion as to the question of willfulness is denied because a triable issue of fact exists as to Defendants' state of mind. Plaintiffs point to the fact that Defendants have been repeatedly sued for identical FLSA

allegations, and are therefore on notice that their practices are allegedly unlawful under the FLSA. *See Nell v. City of New York*, No. 19-CIV-6702 (LGS), 2021 WL 2716523, at *1 (S.D.N.Y. July 1, 2021) (current and former Motor Vehicle Operators contend the City willfully violated the FLSA by providing overtime payments without accounting for night shift and vehicle differential pay); *Adams v. City of New York*, No. 16-CV-3445 (RA), 2021 WL 1791182, at *9 (S.D.N.Y. May 5, 2021) (current or former Fraud Investigators and Associate Fraud Investigators for New York City's Human Resources Administration allege the City improperly calculated their regular rate of pay when it did not account for night shift differential pay). A reasonable factfinder could conclude that Defendants did "intentionally, willfully, and repeatedly engage[] in a pattern, practice, and/or policy of violating the FLSA" by failing to pay Plaintiffs earned overtime. FAC. *See also Lynch v. City of New York*, 291 F.Supp.3d 537, 553-54 (S.D.N.Y. 2018) (finding plaintiffs raised triable issues of willfulness by arguing the City "was on notice of its violations given several other lawsuits under the FLSA" regarding CityTime); *Lawtone-Bowles v. City of New York*, No. 16-CV-4240 (AJN), 2020 WL 2833366, at *5 (S.D.N.Y. June 1, 2020) (finding a reasonable factfinder could determine willfulness in light of several similar FLSA suits). The Court declines to resolve these issues at this stage.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment, ECF No. 184, is **GRANTED** as to Plaintiffs Zajda and Singh, and they are dismissed from the case. Defendants' Motion for Summary Judgment is otherwise **DENIED**.

**SO ORDERED.**

**Dated: May 16, 2023**
      **New York, New York**

                                  **ANDREW L. CARTER, JR.**
                                  **United States District Judge**